```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOEL ANDERSON,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :         17-CV-07973 (VSB)
             -v-                                            :
                                                            :              ORDER
ANTHONY J. ANNUCCI, et al.,                                 :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2020

VERNON S. BRODERICK, United States District Judge:

Plaintiff, proceeding pro se and in forma pauperis, initiated this action on October 16, 2017 while incarcerated. (Doc. 1.) Plaintiff's complaint included various 42 U.S.C. § 1983 claims regarding alleged unauthorized and illegally imposed terms of post-release supervision. (*Id*.) Because Plaintiff has not appeared in this case since May 25, 2018, has failed to oppose Defendants' motion to dismiss, and has failed to apprise the court of his change of address, this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I.     Background**

By Order filed on December 18, 2017, the Court granted Plaintiff's application for leave to proceed in forma pauperis without prepayment of fees. (Doc. 8.) In the Order, the Court warned Plaintiff that it was his "obligation to promptly submit a written notification to the Court if [his] address changes, and the Court may dismiss the action if Plaintiff fails to do so." (*Id.* at 2.) On December 22, 2017, the Court entered an Order of Service permitting Plaintiff to effect service on Defendants through the United States Marshals Service, and instructing the Clerk to fill out a USM-285 form for each defendant, and to issue summonses and deliver all paperwork

1

necessary to effect service. (Doc. 10.) The December 22 Order again stated that "Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." (*Id.* at 2.) Both the December 18, 2017 and December 22, 2017 Orders were mailed to Plaintiff. (*See* docket entry dated Dec. 18, 2017; Doc. 11.) On December 27, 2017, the Clerk of Court mailed an in forma pauperis pro se service package to Plaintiff, including the above-mentioned Orders and a change of address form. (Doc. 11.) The service package stated the following:

> If your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody. Fill out the Notice of Change of Address form included with this letter (or write a letter asking for your address to be changed) and send it to the Pro Se Intake Unit. It is not sufficient to send an envelope with a new return address or submit a letter with a new address listed without asking for your address to be officially changed. Your case could be dismissed if you do not notify the court of an address change.

(Doc. 11, at 2.)

On May 25, 2018, Plaintiff filed a change of address form notifying the Court that he had been transferred to a new correctional facility. (Doc. 18.) On May 30, 2018, the Court issued a second Order of Service, which was mailed to Plaintiff at his new address with a change of address form and additional instruction informing Plaintiff of the need to update the Court with any future address changes. (Docs. 19, 21.) After the Court issued an Order on August 14, 2018 granting Defendants an extension of time to answer the complaint, (Doc. 23), the Court's Order was returned undelivered as Plaintiff was no longer in custody at the correctional facility listed in his May 25, 2018 change of address form.

On October 11, 2018, Defendants filed a letter motion for an extension of time to file a motion to dismiss Plaintiff's complaint. (Doc. 28.) The letter stated that Defendants were "unable to obtain Plaintiff's consent, as he [was] released from [the Department of Corrections

2

and Community Supervision ("DOCCS")], has not updated his address on the docket, and, as documented on DOCCS' public website locator for parolees, has absconded from parole supervision." (*Id.*)  On October 17, 2018, the Court set Defendants' deadline to file a motion to dismiss for October 29, 2018.  On October 29, 2018, Defendants filed a motion to dismiss, (Docs. 30–33), and docketed an affidavit of service reflecting that service of the motion was made by mail at Plaintiff's last known address, (Doc. 34).  Plaintiff has not responded to the motion to dismiss, contacted this Court, or made any appearance in the case.

## II. Legal Standard

Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  The rule authorizes dismissal *sua sponte* or on motion of the opposing party.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  No single factor is dispositive.  *See id.*

Dismissal is an extreme sanction and must be preceded by notice and an opportunity to be heard.  *See id.* at 217.  Dismissal with prejudice has "harsh consequences for clients, who may be blameless," and is reserved for "extreme situations."  *Id.* (internal quotation marks omitted).  Similarly, dismissal of a pro se litigant's complaint for failure to prosecute is appropriate "only

3

when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209.

   III.   **Discussion**

Weighing the factors listed above, I conclude that Plaintiff has abandoned his pursuit of this action and that this case should be dismissed without prejudice.

First, Plaintiff has not participated in this litigation since May 25, 2018, when he submitted his first and only change of address form. *See Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (dismissing pursuant to Rule 41(b) where pro se plaintiff was noncompliant for eight months); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed). Second, Plaintiff was expressly advised in two separate Orders and two change of address instructions that this action could be dismissed if he failed to apprise the court of any address changes. (Docs. 8, 10, 11, 21.) Plaintiff clearly understood this responsibility given the fact that he complied with these instructions after he was first moved to a new correctional facility. (*See* Doc. 18.) Third, Defendants suffer some prejudice from having "the threat of a possible judgment hanging over" them indefinitely in a case that is not advancing toward a final resolution in any way. *Peters*, 306 F.R.D. at 149. Fourth, Plaintiff has received more than a full and fair opportunity to be heard, and the Court cannot expend additional resources in hopes of locating Plaintiff to once again inform him of his obligations. *See Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."). Fifth, I have considered the possibility of lesser sanctions and conclude that the dismissal should be without prejudice because the circumstances of this case are not "extreme," *LeSane*, 239 F.3d at

209, relative to other cases involving non-diligent pro se plaintiffs. To the contrary, incarcerated pro se plaintiffs often fail to remain in contact with the Court upon release, and Plaintiff's abandonment of this action should not deprive him of the ability to re-file claims within the applicable statute of limitations period. *See Jankowski*, 2015 WL 3939186, at *4; *Holcombe v. Skupien*, No. 14-CV-1448, 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014), *report and recommendation adopted*, 2015 WL 524992 (S.D.N.Y. Feb. 9, 2015).

## IV. Conclusion

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to mail a copy of this order to the pro se Plaintiff at his last known address and close the case.

SO ORDERED.

Dated: March 6, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge